# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Case No. 3:12-cv-22-MOC-DSC

| | |
|---|---|
| MARIA McNULTY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMUNICATIONS WORKERS of )<br>AMERICA, JANICE GARRIS, VELVET )<br>HAWTHORNE, LARRY COHEN, )<br>ANNIE HILL, DON LAROTONDA, and )<br>JUDY DENNIS, )<br>)<br>Defendants. )<br>)<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss," Doc. 15, filed February 13, 2012 and the parties' associated briefs, Docs. 16, 19 and 20.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On October 19, 2011, the Equal Employment Opportunity Commission issued Plaintiff Maria McNulty a Letter of Dismissal and Notice of Rights informing her of her right to sue. Doc. 1 at 8. Plaintiff filed her *pro se* Complaint, Doc. 1, against the Communications Workers of America ("CWA") and the named individual Defendants on January 17, 2012. Plaintiff used the Court's pre-printed form for employment discrimination claims arising under Title VII. On January

26, 2012, Plaintiff filed an addendum to her Complaint, Doc. 5. Since the addendum was filed prior to any responsive pleadings, the Court accepts it as part of Plaintiff's Complaint. See Fed. R. Civ. P. 15(a).

Accepting the allegations of the Complaint, Doc. 1, and addendum, Doc. 5, as true, as we must at this early stage in the proceeding, Plaintiff purports to bring a claim for age discrimination, general harassment and retaliation. Doc. 1 at Sections A, C, and D. Plaintiff's claims appear to arise from her dissatisfaction with representation provided to her by CWA in the contractual grievance process between the union and her former employer, US Airways. Id. Plaintiff's Complaint fails to state her age or specify what discrimination she suffered because of her age.

On February 13, 2012, Defendants filed this Motion to Dismiss, Doc. 15. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court issued an "Order," Doc. 18, on February 13, 2012, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising Plaintiff that she had the right to respond to "Defendant's Motion To Dismiss," Doc.15, on or before March 1, 2012, and that failure to do so may lead to dismissal of this lawsuit. Plaintiff filed a timely response to the pending Motion on March 1, 2012, Doc. 19. In her Response, Doc. 19, Plaintiff offers instances of purported discrimination by CWA employees that were not alleged in her Complaint, but fails to address Defendants' arguments in favor of dismissal. On March 12, 2012, "Defendants' Reply in Support of Motion to Dismiss," Doc. 20, was filed. Therefore, the Motion to Dismiss has been fully briefed and is now ripe for review.

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be

enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554-55) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

In Iqbal, the Supreme Court applied these principles to the plaintiff's allegation that the defendants had adopted a discriminatory policy permitting "restrictive conditions of confinement" for post-September 11 detainees, and held "the complaint does not show, or even intimate, that petitioners purposefully housed detainees in [restrictive conditions] due to their race, religion or national origin." Iqbal, 129 S. Ct. at 1952. Accordingly, dismissal was appropriate. Id.

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir.1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003). In light of these cases, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

Under Federal Rule of Civil Procedure 15(a), at this stage of the proceeding a plaintiff must seek leave of court to amend her Complaint and cannot merely include additional factual allegations in a responsive pleading. Fed.R.Civ.P. 15(a). See, Materson v. Stokes, 166 F.R.D. 368, 370 (E.D.Va. 1996). Additional factual allegations contained in a response brief are not considered on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Beck v. City of Durham, 129 F.Supp.2d 844, 855 (M.D.N.C. 2000). Therefore, the Court will not consider the new factual allegations detailed in Plaintiff's Response, Doc. 19.

### III. DISCUSSION OF CLAIMS

Defendants present three main arguments in support of their Motion to Dismiss: (1) Plaintiff's Complaint fails to meet the minimum requirements established by Twombly and Iqbal, and therefore fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) CWA is not liable for monetary damages under the Age Discrimination in Employment Act ("ADEA"); and (3) the individual Defendants are not subject to liability under the ADEA. Doc. 16.

The Court finds Defendant's arguments to be persuasive and supported by applicable legal authority. Moreover, the Court does not find that Plaintiff has plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" or "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949, 1960. Plaintiff's Complaint contains only superficial recitations and the conclusory allegation that CWA failed to provide adequate representation during the grievance process. Plaintiff provides no factual basis for CWA's alleged inadequate representation. Her bald assertion of an ADEA violation is not supported by any facts alleging how CWA failed in its representation of her, or how or why discriminatory animus was the basis for CWA's actions. She also fails to allege that others

similarly situated (but under age forty) were treated differently by CWA. Plaintiff has not come forward with well pleaded facts as required under Twombly and Iqbal. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted.

## IV. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' Motion to Dismiss, Doc. 15, be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: March 16, 2012

David S. Cayer
United States Magistrate Judge