# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv22

| | |
|---|---|
| MARIA McNULTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| COMMUNICATIONS WORKERS of ) | |
| AMERICA; JANICE GARRIS; VELVET ) | |
| HAWTHORNE; LARRY COHEN; ) | |
| ANNIE HILL; DON LAROTONDA; and ) | |
| JUDY DENNIS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). *Pro se* plaintiff has filed objections within the time allowed. Objections (#22).

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all

of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Plaintiff brings a claim for age discrimination, general harassment, and retaliation against her union and individual members of her union. Doc. 1 at Sections A, C, and D. Plaintiff's claims appear to arise from her dissatisfaction with representation provided to her by CWA (hereinafter "the union") in the contractual grievance process between the union and her former employer, US Airways. Id. After reviewing the Complaint, the magistrate judge found that it only contained superficial recitations and a conclusory allegation that the union failed to provide adequate representation during the grievance process. Further, the magistrate judge found that plaintiff provided no factual basis for the union's alleged inadequate representation and that her assertion of an ADEA violation was not supported by any facts alleging how the union failed in its representation of her, or how or why discriminatory animus was the basis for the union's actions. It was also determined that plaintiff had not alleged how other, younger union members who were similarly situated were treated differently by the union.

First, plaintiff has improperly alleged for the first time additional un-pled facts in her objections to the Memorandum and Recommendation. Beck v. City of Durham, 129 F.Supp.2d 844, 855 (M.D.N.C. 2000); Materson v. Stokes, 166 F.R.D. 368, 370 (E.D.Va. 1996). Second, her objections indicate that her claim against these defendants is for age discrimination under the *Age Discrimination in Employment Act*, 29 U.S.C. § 621, *et seq.* The individual defendants are, however, immune from liability under the ADEA. McNeal v. Montgomery County, Maryland, 307 Fed. Appx. 766, 775 n.6 (4th Cir. Jan. 20, 2009). As

to her claim against the union under the ADEA, a union cannot be held liable for monetary damages under the ADEA. Air Line Pilots Ass'n, International v. TWA, 713 F.2d 940, 957 (2nd Cir. 1983).

Finally, even if the court were to consider the additional facts asserted in the Objection as tendered in support of a claim under Title VII of the *Civil Rights Act of 1964*, the Complaint would still be subject to dismissal. When suing a union for acts done in its representative capacity, the fact that an employer may have acted with discriminatory animus in insufficient to state a claim against a union. A union member who alleges that her union failed to assist her in prosecuting a grievance must set forth sufficient facts demonstrating that an impermissible discriminatory factor played a role in the manner in which the union prosecuted the grievance. Carter v. Chrysler Corp., 173 F.3d 693, 704 (8th Cir. 1999). Plaintiff must sufficiently allege that: (1) US Air violated the collective bargaining agreement with respect to her employment; (2) the union let the breach go unrepaired, thereby breaching its duty of fair representation; and (3) such failure on behalf of the union was motivated by some prohibited animus. Greenslade v. Chicago Sun-Times, Inc., 112 F.3d 853, 866 (7th Cir. 1997). While plaintiff clearly believes that her employer took adverse action against her based on her age, this action is not against her employer. Review of the Complaint and the Objections reveals no allegations that the union failed to provide her fair representation in her grievance with her employer based on any prohibited factor, including age. Plaintiff's objections are, therefore, overruled.

After such careful review, the court determines that recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant

relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Objections (#22) are **OVERRULED**, the Memorandum and Recommendation (#21) is **AFFIRMED,** defendants' Motion to Dismiss (#15) is **GRANTED,** and this action is **DISMISSED WITH PREJUDICE.**

Signed: May 3, 2012

Max O. Cogburn Jr.
United States District Judge